SLADE<br>vs.<br>ARNOLD.

an erroneous decree, redress must be sought in a court of original jurisdiction.

---

## Slade vs. Arnold.

### APPEAL FROM HARRISON CIRCUIT.

The performance of any work on the Sabbath being expressly prohibited, any contract having for its consideration, or part of it, the doing of a work on that day, cannot be enforced. (*Steele v. Curle*, 4 *Dana*, 384.)

Judge CRENSHAW delivered the opinion of the court.

Arnold, on the Sabbath day, took his young stallion to the residence of Slade, to have him castrated, but the condition of the horse was such that he apprehended his castration might kill him. Slade, having no apprehensions of danger, a contract was made between the parties, by which Slade undertook to castrate the horse, and insure his recovery from the operation, in consideration of the promise of Arnold to pay him one dollar therefor. The horse was, thereupon, castrated, and in a few days thereafter died from the effects of the operation. The contract and per-

ORD. PET.

Case 18.

December 28.

Case stated.

formance of the operation took place on the Sabbath. Slade, though a farmer, attends, as the proof shows, to the castration of horses; his price is fifty cents without, and one dollar with a warranty of recovery. This suit was brought upon the warranty to recover the value of the horse.

By law, (*Revised Statutes*, 265,) all work or business on the Sabbath is prohibited, except the ordinary household offices of daily necessity, or other work of necessity or charity. And the simple question is, whether a contract made on the Sabbath day, having for its consideration the performance of a work on that day, which is prohibited by law, can be enforced by either party; and, we think it cannot.

The general doctrine is, that a contract for the performance of that which is either *malum in se*, or *malum prohibitum*, will not be enforced in a court of justice; and, it is also a general rule, that a contract will not be enforced by the power of the law, if any portion of its object or consideration was a contemplated violation of public policy or moral duty. *Steele v. Curle*, 4 *Dana*, 384.

The performance of any work on the Sabbath day being expressly prohibited, and the contract, in this case, having for its consideration the doing of a work on that day, cannot be enforced. Aside from any considerations of public policy and moral duty, the act which the contract had in contemplation was to be performed on the Sabbath day, which is in violation of a positive statute. The instruction asked by the defendant, and refused by the court, although informal, substantially accords with these views.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, and for further proceedings not inconsistant with the principles of this opinion.

HODGES and CURRY for appellant; TRIMBLE for appellee.

The performance of any work on the Sabbath being expressly prohibited, any contract having for its consideration, or part of it, the doing of a work on that day, cannot be enforced *Steele v. Curle*, 4 *Dana*, 384.